931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles D. BOYD, Defendant-Appellant.
 No. 90-3166.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 Before RALPH B. GUY, JR. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant, Charles D. Boyd, appeals his jury conviction for distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and related felonies, claiming that the government's conduct in its investigation of him was outrageous. The issue on appeal is whether Boyd waived his claim of outrageous government conduct on appeal by failing to raise this issue in the district court. We hold that he did, and we shall affirm the conviction.
 
 I.
 
 2
 Boyd was indicted for distribution of cocaine, unlawful use of a telephone to facilitate the commission of a felony, and attempted possession with the intent to distribute cocaine. The indictment arose from three controlled transactions. In March 1989, Boyd sold one-half ounce of cocaine to a government agent for $550 at a Sohio gas station in Cincinnati. Nine days later, Boyd sold the same agent one ounce of cocaine for $1,100. In June and July 1989, another government agent had several phone conversations with Boyd. During one of the conversations, the agent, who was living in California, agreed to deliver three kilograms of cocaine to Boyd for $54,500. On July 18, Boyd met with the agent at a hotel near Cincinnati. He showed the agent the money for the purchase, and was promptly arrested. The government recovered $50,020 in cash from Boyd's car and $4,940 on his person.
 
 
 3
 Boyd was indicted and later convicted for the above transactions in November 1989. He was sentenced to ten years imprisonment and eight years supervised release. Boyd appeals claiming that the government's conduct in its investigation of him was outrageous.
 
 II.
 
 4
 The government argues that Boyd waived his claim of outrageous government conduct on appeal because he failed to raise the claim in the district court. We addressed this subject in United States v. Davis, 809 F.2d 1194, 1209 (6th Cir.), cert. denied, 483 U.S. 1007 (1987). In Davis, the defendant alleged outrageous conduct by the government, but he failed to bring a motion to dismiss on this ground prior to or during trial. We specifically held that "[t]he appellate issue is thus waived." Id. at 1209 (citing Fed.R.Crim.P. 12 and United States v. Worthington, 698 F.2d 820, 824 (6th Cir.1983)).
 
 
 5
 Boyd's failure to raise the claim of outrageous conduct by the government in the district court before or during trial is a waiver of the claim.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge of the United States District Court for the Eastern District of Michigan, sitting by designation